BELLOTTI, ATTORNEY GENERAL, COMMON-
WEALTH OF MASSACHUSETTS *v.* LATINO
POLITICAL ACTION COMMITTEE ET AL.

No. A–99.   Decided August 11, 1983

JUSTICE BRENNAN, Circuit Justice.

The Attorney General of the Commonwealth of Massachu-
setts has applied to me for a stay pending the filing and con-
sideration by this Court of a petition for a writ of certiorari
to review the judgment of the District Court for the District
of Massachusetts entered on July 26, 1983. *Latino Political
Action Committee* v. *City of Boston,* 568 F. Supp. 1012.
That judgment found unconstitutional a new electoral dis-
tricting plan adopted by the Boston City Council and ap-
proved by the Mayor of Boston for the election by district of
members of the City Council and the School Committee, and
enjoined the defendants from conducting preliminary or final
elections under the provisions of the plan.   On August 2,
1983, the District Court permitted the Attorney General
to intervene in this matter and denied his motions to stay
the court's judgment pending appeal and for relief from
judgment.   The Court of Appeals for the First Circuit, on
August 5, 1983, also denied the Attorney General's request
for a stay, 716 F. 2d 68, and this application followed.

The general principles that guide my consideration as a Circuit Justice of this application are well settled:

> "Relief from a single Justice is appropriate only in those extraordinary cases where the applicant is able to rebut the presumption that the decisions below—both on the merits and on the proper interim disposition of the case—are correct. In a case like the present one, this can be accomplished only if a four-part showing is made. First, it must be established that there is a 'reasonable probability' that four Justices will consider the issue sufficiently meritorious to grant certiorari or to note probable jurisdiction. Second, the applicant must persuade [the Circuit Justice] that there is a fair prospect that a majority of the Court will conclude that the decision below was erroneous. While related to the first inquiry, this question may involve somewhat different considerations, especially in cases presented on direct appeal. Third, there must be a demonstration that irreparable harm is likely to result from the denial of a stay. And fourth, in a close case it may be appropriate to 'balance the equities'—to explore the relative harms to applicant and respondent, as well as the interests of the public at large." *Rostker* v. *Goldberg*, 448 U. S. 1306, 1308 (1980) (BRENNAN, J., in chambers) (citations omitted).

After carefully considering the opinions below and the submissions of the applicant and respondents, I have concluded that under the circumstances of this case it is not reasonably probable that four Justices will consider the issues presented by the applicant sufficiently meritorious to grant certiorari; nor is there, in my judgment, a fair prospect that a majority of the Court will conclude that the decision below was erroneous. With respect to the third *Rostker* consideration, I have concluded that the inconvenience and delay imposed by the District Court's requirement that the districting plan be revised before elections can go forward are not so great as to warrant a stay of the judgment of the District Court.

Accordingly, the application is denied.